IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA

v.                                          CRIMINAL ACTION NO. 2:05-00023-03

SHANIKA BOOTH

**MEMORANDUM OPINION AND ORDER**

Pending is the defendant's motion for judgment of acquittal or, in the alternative, a new trial. For the following reasons, the motion is **DENIED**.

The defendant was charged with various drug possession and distribution offenses in five counts of a seven-count superseding indictment. After a three-day trial, the jury convicted the defendant on four counts. Based on the jury's verdict, the Court adjudged the defendant guilty of conspiracy to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 846; aiding and abetting the distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; aiding and abetting possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and aiding and abetting possession with intent to distribute cocaine base and cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

The defendant maintains that there was insufficient evidence presented at trial to sustain a conviction on Counts One, Three and Five. The Court will address each count separately.

In determining whether to grant a motion for judgment of acquittal, the Government is entitled to the benefit of all reasonable inferences, and credibility of the witnesses should not be considered. *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982); *United States v.*

*Saunders*, 886 F.2d 56, 60 (4th Cir. 1989).  If, viewing the evidence in the light most favorable to the Government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt, then a motion for judgment for acquittal must be denied.  *Tresvant*, 677 F.2d at 1021.

The Court has more latitude in determining whether to grant a motion for new trial.  Rule 33 of the Federal Rules of Criminal Procedure provides that, upon motion of the defendant, "the court may grant a new trial to that defendant if the interests of justice so require."  Unlike a motion for judgment of acquittal, the Court need not weigh the evidence in a light most favorable to the Government.  *See U.S. v. Arrington*, 757 F.2d 1484 (4th Cir. 1985).  Rather, the Court's discretion is broad and the Court may evaluate the evidence, including the credibility of witnesses. *Id.* at 1485. While the Court has broad discretion in determining whether a new trial is warranted, that discretion should be exercised sparingly. *Id.* at 1486. Only "[w]hen the evidence weighs so heavily against the verdict that it would be unjust to enter judgment" should the Court grant a new trial.  *Id.* at 1485, *citing Tibbs v. Florida*, 457 U.S. 31 (1982).   In addition to a motion for new trial upon specific errors, a motion for new trial may be granted where a miscarriage of justice may have resulted.

Count One charged that Ms. Booth and a co-defendant, Damon Brown, conspired to distribute five grams or more of cocaine base from spring 2003 to January 6, 2005, at or near Charleston, West Virginia.  Ms. Booth contends that the evidence presented at trial was not sufficient to allow a reasonable juror to conclude that she knew of and deliberately joined in Mr. Brown's drug distribution activities, as required to establish the conspiracy. Among the evidence on this issue was the testimony of Karen Pauley, a co-defendant who testified as part of her plea agreement. Ms. Pauley told the jury that she first met Mr. Brown in 2003 and began buying crack from him.  She further testified that Ms. Booth was often present and that two or three times Ms.

Booth delivered crack to her from Mr. Brown. She testified that in December 2003 she traveled to New Jersey with Ms. Booth and Mr. Brown to obtain a supply of crack. Gary Martin, a confidential informant, testified that he made a controlled buy of crack from Ms. Booth and that he rented a car for her so she could travel to New Jersey to get drugs. The jury heard evidence of controlled buys made on January 4, 5 and 6 and learned that scales, plastic bags and $12,500 in cash – including buy money from the January 4 and 5 controlled buys – were found in the home shared by Ms. Booth and Mr. Brown. Viewing this evidence in the light most favorable to the government, the Court finds that a reasonable juror could conclude beyond a reasonable doubt that Ms. Booth not only knew of Mr. Brown's drug distribution activities but also joined in those activities.

Count Three charged that on or about January 5, 2005, at or near Charleston, West Virginia, Ms. Booth and Mr. Brown, aided and abetted by each other, knowingly and intentionally distributed a quantity of cocaine base. Ms. Booth contends that this conviction cannot stand because no evidence was presented that would allow a reasonable juror to conclude that she distributed cocaine base, that she knew that Mr. Brown distributed cocaine base, that she aided Mr. Brown's distribution, or that she acted with the intention of causing Mr. Brown to distribute cocaine base. Witnesses for the government testified that immediately after a confidential informant contacted Mr. Brown to arrange a controlled buy, Mr. Brown and Ms. Booth returned briefly to their home and then drove to meet the confidential informant, where the sale of crack took place. Money from this purchase was found in the search of their home the next day. This evidence, viewed in the light most favorable to the government, is sufficient to allow a reasonable juror to conclude beyond a reasonable doubt that Ms. Booth aided and abetted in the distribution of crack cocaine during this controlled buy.

Count Five charged that on or about January 6, 2005, Ms. Booth and Mr. Brown, aided and abetted by each other, knowingly and intentionally possessed with intent to distribute a quantity of marijuana. The defendant contends that no evidence was presented that would allow a reasonable juror to conclude that she knowingly or intentionally possessed the marijuana or that she knowingly acted in any way to aid its possession. Law enforcement officers testified that when they searched the home shared by the defendants, they found 10 one-ounce bags of marijuana, plastic bags, scales and about $12,500 in cash. Some of these items were in plain view, for example on the kitchen counter. Detective Chad Napier offered expert testimony that the quantity of marijuana suggested a distribution amount rather than a personal use amount, and he testified that the packaging, plastic bags and scales suggested a plan for distribution. Based on this evidence, reasonable jurors could conclude beyond a reasonable doubt that Ms. Booth aided and abetted the possession of marijuana with an intent to distribute.

Having fully reviewed the record in this case, and finding no error, the defendant's motion for judgment of acquittal or, in the alternative, a new trial is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office and the United States Marshal.

ENTER: August 23, 2005

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE